IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAQUAN M. TYSON,

        Petitioner,

**CASE NO. 2:16-cv-550**
**CRIM. NO. 2:13-cr-268**

        v.

**JUDGE MICHAEL H. WATSON**
**Magistrate Judge Kemp**

UNITED STATES OF AMERICA,

        **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.  The case is before the Court on the motion (Doc. 54), the United States' response (Doc. 61), and Petitioner's reply (Doc. 62).  Petitioner has also moved to strike the Court's order of July 14, 2016, granting Respondent an extension of time. That motion does not contain any grounds for striking the order and the motion (Doc. 58) is therefore **DENIED**.  For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

### I.  Facts and Procedural History

On December 5, 2013, the grand jury indicted Petitioner on eight counts of criminal activity ranging from conspiracy to possess with intent to distribute both cocaine and marijuana to various firearms charges.  Petitioner was arraigned on December 13, 2013 and pleaded not guilty.  Subsequently, Petitioner signed a plea agreement which obligated him to plead guilty to Counts 1 and 4 of the indictment. On August 13, 2014, Judge Watson sentenced Petitioner to a total of 160 months of

imprisonment.   That sentence is reflected in the judgment and commitment order filed on August 19, 2014 (Doc. 35).

Petitioner appealed.   On appeal, he argued that the Court erred by not determining whether the relevant conduct used to calculate his base offense level actually constituted a crime.  The Court of Appeals reviewed the claim for plain error since it had not been raised before, and found it unavailing.  *See* Doc. 50 (Court of Appeals opinion in Case No. 14-3859, filed July 22, 2015).

Petitioner filed this motion to vacate on June 17, 2016.   He raises the following grounds for relief, as summarized by the Court:

> **Ground One:** Both trial and appellate counsel were ineffective for failing to challenge Count One of the indictment as duplicitous, resulting in Petitioner's having been convicted and sentenced on duplicitous counts and to a sentence which exceeds the statutory maximum.

> **Ground Two:** Trial counsel was ineffective for failing to challenge the indictment because no other conspirator was named in the conspiracy count and, therefore, Petitioner was never charged with a criminal offense.

> **Ground Three:** Trial counsel was ineffective for failing to object to the fact that the quantity of drugs attributable to Petitioner was not satisfactorily established either by jury verdict or by stipulation.

> **Ground Four:** Trial counsel failed to object to the sentence because there were no facts established which would have permitted the Court to sentence Petitioner above the statutory minimum.

> **Ground Five:** Trial counsel was ineffective for failing to raise the fact that the person with whom Petitioner allegedly conspired was a government agent and not a true co-conspirator.

> **Ground Six:** Trial counsel was ineffective for failing to object to the Court's finding that a kilogram-sized cocaine wrapper in the trash outside Petitioner's apartment meant that Petitioner had actually possessed a kilogram of cocaine.

**Ground Seven:** Trial counsel was ineffective for allowing Petitioner to enter into a plea agreement which waived the procedures set forth in Fed.R.Crim.P. 32.2(b)(4) and which forfeited a vehicle and money which did not belong to Petitioner.

**Ground Eight:** Trial counsel was ineffective for failing to challenge the validity of the "no-knock" entries which accompanied execution of the search warrants issued in this case, for failing to develop grounds for pre-trial motions, and for aggressively recommending that Petitioner enter into a plea agreement.

In its response, the United States argues that none of these grounds has merit and that the valid guilty plea represents a waiver of most, if not all, of his claims. It also points out that since Petitioner is only asking that his sentence be recalculated and has not alleged that, but for counsel's incorrect advice, he would not have pleaded guilty, any claims which do not go to the issue of sentencing are not properly before the Court. Petitioner replies by, among other things, attempting to distinguish one of the cases relied upon by Respondent, *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), and pointing out that because all of his claims are based on ineffective assistance of counsel, the guilty plea did not waive them.

## II. The Merits

The Court begins its analysis with the standard applicable to a claim of ineffective assistance of counsel. The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S.  668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* . To establish the second prong of the *Strickland* test, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The *Strickland* test applies to counsel's performance in the context of advising a client to plead guilty.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Generally, in order to obtain relief in this context, the defendant must show both that counsel did not perform within the range of competence demanded of attorneys in criminal cases, and that "but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Hill, supra*.  As in this case, counsel's performance can also be evaluated in terms of

whether it affected the sentence given to a defendant after a guilty plea is validly accepted by the Court.  With these standards in mind, the Court turns to an evaluation of each of Petitioner's grounds for relief.

### A.  Grounds One and Two: The Indictment

Respondent argues that counsel could not have been ineffective for failing to challenge the indictment because the indictment was not defective.   For the most part, that argument addresses the prejudice prong of the *Strickland* analysis, because if the indictment was not defective, Petitioner could not have been prejudiced by his counsel's failure to attack it.  The Court notes, however, that there is also no basis for concluding that counsel was ineffective for failing to raise the challenges which, in his first two grounds for relief, Petitioner argues should have been raised, because even had those challenges been raised, it would not have benefitted petitioner.

Even if Count One of the indictment were duplicitous, the remedy for that problem is not necessarily dismissal.  As the Court of Appeals stated in *United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997), if a pre-trial motion is filed alleging that an indictment is duplicitous, the trial court can simply cure the error through appropriate jury instructions, telling the jury that it "must come to a unanimous verdict in regard to either one offense or the other."  The trial court may also force the government to elect which charge it will proceed on.  *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007).  Even if a count of an indictment is dismissed as duplicitous, the dismissal is without prejudice to the United States' right to seek a superseding indictment which cures the problem.  *See United States v. James*, 749 F.Supp.2d 705 (S.D. Ohio 2010).  So

even if counsel had raised the issue by way of a motion to dismiss, and even had this Court granted the motion rather than simply adopting some other method of curing the problem - which becomes a problem only if there is a trial - the issue of duplicitousness could have been cured by a superseding indictment.  Since Petitioner was electing to plead guilty, and, as the United States points out, he has not argued that he would not have done so but for inaccurate advice from counsel, counsel could reasonably have concluded that there would have been no ultimate benefit to Petitioner from filing a motion arguing that Count One was duplicitous.  That being so, counsel was not constitutionally ineffective for failing to make such a motion.

As to Petitioner's second ground, he is clearly wrong when he claims that an indictment, in order to allege a proper conspiracy, must name names.  In ruling on an identical claim, the Court of Appeals said, in *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991):

> Defendant Rey claims his counsel's ability to prepare for trial was impeded because he did not have the name of the co-conspirator before trial. The government was not required to furnish this information. A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. *Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951); *United States v. Piccolo*, 723 F.2d 1234, 1238–39 (6th Cir. 1983), *cert. denied*, 466 U.S. 970, 104 S.Ct. 2342, 80 L.Ed.2d 817 (1984). As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." *Piccolo*, 723 F.2d at 1239, quoting *United States v. Davis*, 679 F.2d 845, 851 (11th Cir. 1982).

Consequently, counsel could reasonably have concluded that such a challenge would not have been successful, and counsel would have been correct. There is therefore no merit to Petitioner's first two grounds for relief.

### B. Grounds Three and Four: Drug Quantity and §924(c) Charge

The next two claimed instances of ineffective assistance of counsel relate to the drug quantity used in the guideline sentencing calculation and the firearms charge. Petitioner, citing to cases like *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005)(which relies on, among other decisions, *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), argues that there were only two ways that the amount of narcotics attributable to him could have been determined: by stipulation or by jury verdict. Since he did not stipulate to the amount, and since there was no jury trial due to his guilty plea, he contends that counsel was ineffective for failing to argue that the drug quantity was not properly determined.

Again, the premise of this argument - that counsel could have raised a successful challenge to the procedure by which the Court arrived at the quantity of drugs used in the guideline calculation - is simply incorrect. As this Court said in *Holycross v. United States*, 2011 WL 6151601, *6-7 (S.D. Ohio Nov. 17, 2011), *adopted and affirmed* 2011 WL 6176745 (S.D. Ohio, Dec. 9, 2011), quoting *Montes v. Trombley*, 599 F.3d 490, 494 (6th Cir. 2010), *Apprendi* "does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing." Although *Apprendi* itself applied a Sixth Amendment analysis to facts which increase a

7

statutory maximum, and the later decision in *United States v. Alleyne*, 133 S.Ct. 2151 (2013) applied the same analysis to facts which increase the mandatory minimum penalty, neither case applies when there is no mandatory minimum. *See, e.g., United States v. Ledbetter*, 2015 WL 5117979, *8 (S.D. Ohio Sept. 1, 2015), citing *United States v. Cook*, 550 Fed.Appx. 265, 275 (6th Cir. Jan. 8, 2014). Given the state of the law on this issue, counsel's failure to object to the Court's procedure for deciding the quantity of narcotics involved for sentencing purposes cannot either have fallen below constitutional norms or prejudiced Petitioner.

Petitioner also makes a very cursory argument in his motion (not addressed in the reply) that there was somehow a failure to "present the Elements or Facts" to support his conviction under 18 U.S.C. §924(c). Again, at a guilty plea proceeding, the United States is not required to offer proof of the elements of a crime beyond insuring that there is a factual basis for the plea. The transcript of the plea proceedings (Doc. 48) shows that Petitioner was advised of the fact that Count Four charged him with possession of a firearm (actually, two firearms) in furtherance of a drug trafficking crime (Tr. 7), was advised of the elements of that crime (Tr. 19-20), and admitted that he had weapons in the house where drugs were found. (Tr. 21). There is no "magic formula" for establishing a factual basis for a plea; all that is needed, in the context of a §924(c) conviction, is information establishing that the defendant possessed a firearm, committed a drug trafficking offense, and that there was a "specific nexus" between the two. *See United States v. Grant*, 214 Fed.Appx. 518, 520 (6th Cir. Jan. 18, 2007). That

occurred here, and any challenge to that procedure by counsel would not have changed the result of the case.

### C.  Ground Five: Government Agent as Co-conspirator

In his fifth ground for relief, Petitioner argues that his counsel was ineffective for failing to attack the conspiracy charge by pointing out that the only other conspirator was a government agent, and that a conspiracy charge cannot be made out where that is the case.  He does not cite to anything in the record, however, which would suggest that the only co-conspirator or co-conspirators covered by the grand jury's indictment were government agents.  As the United States points out, at the plea hearing, it read into the record a statement of facts which said, among other things, that Petitioner "was distributing bulk amounts of both cocaine and marijuana to other distributors."  (Tr. 12).  Petitioner agreed with that portion of the statement of facts.  (Tr. 15).  It is highly unlikely that the other distributors were all government agents, and there is nothing to suggest that, had counsel raised such a challenge, it would have succeeded.  There is consequently no factual support for this ground, and no merit to it.

### D.  Ground Six: Cocaine Wrapper

Petitioner's sixth claim is that counsel was ineffective for failing to challenge the government's use of a kilogram-sized cocaine wrapper, found in a trash pull, to show that he possessed the kilogram of cocaine which was once inside the wrapper.  He analogizes the situation to attributing possession of an entire pie to someone who has only a single slice.  The United States responds that the amount of narcotics was very much an issue at sentencing and that counsel performed effectively in persuading the

Court to use a smaller amount of narcotics as the basis for its guideline calculation than the evidence showed.

The short answer to this argument is that whether or not this single kilogram wrapper was considered, Petitioner's base offense level would not have changed. The Probation Officer took it into account in determining that Petitioner was responsible for between 15 and 50 kilograms of cocaine and that the base offense level was 34. *See* Doc. 32. That is what the Court found from the evidence. However, it gave Petitioner the benefit of the agreement he reached with the United States Attorney's office and reduced the based offense level to 32 which represented 5-15 kilograms of cocaine or the equivalent of 1000-3000 kilograms of marijuana. Had the Court made a specific finding that finding the one-kilogram wrapper in Petitioner's trash did not mean that he possessed that specific kilogram of cocaine, nothing in the calculation or the Court's decision about the base offense level would have changed. The Court adds that sentencing facts are, as noted above, to be proved by a preponderance of the evidence, and the Court was fully justified in concluding, under that standard, that a reasonable inference of possession of a kilogram of cocaine can be made from finding the wrapper in the trash. Nevertheless, even if counsel somehow fell below an acceptable standard of representation by not making this precise argument, that did not prejudice Petitioner, and the absence of prejudice is fatal to a *Strickland* claim.

### E.  Ground Seven: Waiver of Fed.R.Crim.P. 32.2(b)(4)

The plea agreement in this case included provisions about asset forfeiture, since the indictment contained two forfeiture counts. The first related to weapons and

ammunition; the second listed various assets which were allegedly either drug proceeds or property purchased with drug proceeds, including currency, vehicles, and jewelry. In ¶9 of the plea agreement, Petitioner agreed not to contest the forfeiture of his interest, if any, in those items, and also waived "any failure by the Court to fully comply with the requirements of Fed.R.Crim.P. 32.2(b)(4)."  That Rule states that a preliminary order of forfeiture entered under Rule 32.2(b)(2) becomes final as to the defendant at sentencing (but remains preliminary as to third parties until ancillary forfeiture proceedings are completed); requires that the defendant is made aware of the forfeiture at sentencing; and specifies the time for appealing from an order of forfeiture.

In his seventh ground for relief, Petitioner claims that counsel was ineffective for permitting him to sign a plea agreement containing this provision.  Apart from arguing that those procedures were not his to waive, he claims that counsel also did not object to the forfeiture of certain assets, including $31,510.00 in currency and a 2006 Corvette, because Petitioner was not the true owner of those assets.

As to these latter two points, Petitioner has no standing to assert any rights on behalf of others.  If he was not the owner of the currency or the car, he gave up nothing by forfeiting his interest in them in the plea agreement, and he did not waive anyone else's right to contest the forfeiture.  Addressing his more general point, the United States argues that it is perfectly permissible to waive compliance with the provisions of Rule 32.2(b)(4), especially when the defendant does not intend to contest any asset forfeiture, and that, despite the waiver, the Court complied with the rule by making sure that Petitioner was aware of the forfeiture and including forfeiture language in its

11

judgment.  *See* Doc. 35, which incorporates the forfeiture counts of the indictment into the judgment and commitment order.

It is again important to recall that this claim has been couched in terms of ineffective assistance of counsel.  Neither the motion to vacate nor the reply argues that Petitioner intended to contest the forfeiture of the assets listed in the indictment or even that he took issue with the assertion that all of these assets were either drug proceeds or derived from drug proceeds.  Had counsel insisted that the Court comply with Rule 32.2(b)(4) - and it appears that compliance occurred here - the end result would have been no different.  Petitioner would still have given up any claim to the assets, and he would not have waived anyone else's rights, both because he had no standing to do so, and because his waiver of compliance with the Rule did not prevent anyone else who claimed an interest in the property from asserting that claim.  Further, it appears that no one did so.  Since Petitioner has not shown prejudice to his rights by inclusion of this language in the plea agreement, his claim that counsel was ineffective for not objecting to its inclusion necessarily fails.

### F.  Ground Eight: Challenging Execution of the Warrant

In his eighth ground for relief, Petitioner asserts that counsel was ineffective for not moving to suppress evidence obtained through the execution of two search warrants or consents to search.  He also claims that counsel did not obtain any exculpatory evidence from the government.  He does no more than state this claim in conclusory fashion in his motion, and does not address it in his reply.  Petitioner has not identified any grounds which counsel might have relied on in challenging the warrants

or consents, nor has he pointed to any exculpatory evidence which counsel might have obtained.

The Court agrees with this analysis of the issue set forth in *Walden v. United States*, 2014 WL 3908193, *6 (E.D. Tenn. Aug. 11, 2014):

> Failure to file a motion to suppress may be ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). However, "whether trial counsel ... acted incompetently in not filing a timely motion to suppress depends upon the merits of the search and seizure question," and where such a motion would not have succeeded, counsel did not render a prejudicial performance in failing to seek suppression. *Worthington v. United States*, 726 F.2d 1089, 1093-94 (6th Cir.1984) (Contie, J., concurring).

Nothing in the current record would allow the Court to conclude that the motions to which Petitioner refers in his eighth ground for relief would have been successful, or that they would have changed his mind about pleading guilty. When raising a claim of ineffective assistance of counsel, a "petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. United States*, 539 U.S. 510, 521 (2003). Petitioner has made no such showing with respect to his eighth ground for relief.

## III. Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the motion to vacate sentence (Doc. 54) be **DENIED** and that this action be **DISMISSED**.

## IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written

13

objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s Terence P. Kemp
United States Magistrate Judge